UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY CLYDE MURRAY-EL,

    Petitioner,

v.                                        Case No. 2:05-cv-172
                                                  HON. GORDON J. QUIST

DAVE BERGH,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on August 5, 2005. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the application for habeas corpus relief, Petitioner stated that he was convicted on January 12, 1996, and did not file a direct appeal. Petitioner claimed that he filed a motion in the trial court, and then filed appeals in both the Michigan Court of Appeals and the Michigan Supreme Court, although Petitioner did not specify the dates that these actions were filed or decided. However, Petitioner did attach an order by the Michigan Court of Appeals dated July 1, 2004, which stated that a state habeas corpus action filed in the Michigan Court of Appeals on May 10, 2004, was being dismissed for lack of jurisdiction. The Magistrate Judge noted that because Petitioner had not

filed a direct appeal, the statute of limitations began to run on January 12, 1997, the date on which Petitioner could no longer pursue a direct appeal. The Magistrate Judge further noted that by the time that Petitioner filed his request for state habeas corpus relief on May 10, 2004, the statute of limitations had already run.

Petitioner now states that he filed a motion for relief from judgment in 1998, which was denied by the trial court in 2000. Petitioner states that "the appeals court would not except [sic] [Petitioner's] appeal so [he] exhausted his state remedies with a delayed application, then the supreme court, then a habeas corpus . . . in the district court." Petitioner claims that the clerk changed his filings to an application for leave to appeal in each court. Petitioner attaches copies of several orders from various state courts, as well as a copy of the docket sheet from *Murray v. Department of Corrections*, Michigan Court of Appeals No. 254254. According to the docket sheet, Petitioner filed a complaint for habeas corpus relief in the Michigan Court of Appeals on March 9, 2004. All of the orders attached to Petitioner's objections reflect actions taken by Petitioner after he filed his state habeas corpus petition on March 9, 2004. Therefore, even assuming that Petitioner filed his 1998 motion for relief from judgment prior to the conclusion of the statute of limitations on January 12, 1998, this motion was denied in 2000. Petitioner has failed to show that he took any actions between that date and the filing of his state habeas corpus action in 2004. Therefore, Petitioner's objections do not affect the Magistrate Judge's recommendation in this case.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by the statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural grounds that it is barred by the statute of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.


Dated:  October 6, 2005                                       /s/ Gordon J. Quist
                                                                                                                               GORDON J. QUIST
                                                                                                   UNITED STATES DISTRICT JUDGE